**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LINDA VISTA CINEMAS, L.L.C., ) | |
| ) | |
| Debtor. ) | No. CV 10-786-TUC-CKJ |
| _____ ) | BK 4:10-14551-JMM |
| ) | |
| LINDA VISTA CINEMAS, L.L.C., ) | **ORDER** |
| ) | |
| Appellant/Cross-Appellee, ) | |
| ) | |
| vs. ) | |
| ) | |
| BANK OF ARIZONA, N.A., ) | |
| ) | |
| Appellee/Cross-Appellant. ) | |
| _____ ) | |

Pending before the Court is the Debtor's Request for Certification of Direct Appeal (Doc. 9).

*Factual and Procedural Background*

Debtor Linda Vista Cinemas, L.L.C. ("Linda Vista" or "Debtor") obtained a loan from the Bank of Arizona ("the Bank") to help finance a movie multi-plex known as Tower Theatres. The loan, in excess of five million dollars, had several pieces of collateral securing it and the Bank held continuing guarantees, for the obligations of Debtor from Cutler Fire Protection, Inc., Grand Cinemas, LLC, Daniel G. and Linda L. Cutler, The Daniel G. and Linda L. Cutler Revocable Living Trust, and Kent and Angela Edwards ("the Guarantors").

In response to collection actions by the Bank, Linda Vista instituted a voluntary

1  Chapter 11 bankruptcy proceeding on May 12, 2010. Debtor requested a preliminary

2  injunction, pursuant to 11 U.S.C. § 105(a), against the Bank to enjoin it from foreclosure

3  against the collateral of certain non-debtor guarantors of the Debtor's obligation to the Bank.

4  On May 25, 2010, the bankruptcy court granted the preliminary injunction and prohibited the

5  Bank from proceeding against the Debtor's guarantors or their property during the pendency

6  of the case provided Debtor met certain deadlines. *See* BK 4:10-14551-JMM, Doc. 34.

7  On September 14, 2010, Debtor submitted a proposed Plan that included a request

8  for the issuance of a temporary conditional injunction against the Bank and in favor of the

9  Debtor's guarantors and their property. Debtor asserts that the requested temporary

10 conditional injunction was very narrowly tailored and that Debtor only sought to prohibit the

11 Bank from proceeding against the Debtor's guarantors and their property so long as Debtor

12 did not default under the terms of the Plan. Debtor further asserts that, "[p]ursuant to this

13 narrowly tailored conditional injunction, the Debtor's guarantors' liability to the Bank [of]

14 Arizona was not extinguished or discharged, nor was any of their real or personal property

15 released from the Bank's prepetition lien. The Bank retained all of its prepetition rights

16 against the guarantors and their and (sic) collateral after confirmation of the proposed Plan."

17 Request, pp. 5-6. The Bank objected to the proposed Plan.

18 On November 24, 2010, the Bankruptcy Court issued a Memorandum Decision that

19 found that the Debtor's Plan could not be confirmed :

20      After its survey of the existing state of Ninth Circuit law, however, this court finds
   itself bound by what it feels is the Circuit's current precedent. Thus, even though this
21      case is deserving, on the evidence presented, of confirmation, this court cannot get
   past what it believes to be the Circuit's pronouncements on the § 524(e) issue.
22      Accordingly, the court finds that the Debtor has failed to prove §§ 1129(a)(1) and (2),
   because the Plan violates § 524(e).
23

     * * * * *
24

     * * * * *
25

26      The Debtor's Plan cannot be CONFIRMED. Except for the 11 U.S.C. § 524(e) issue,
   the Debtor satisfied the legal requirements for confirmation. If the court did not feel
27      bound by the Ninth Circuit's precedent, this case would appear to present the
   appropriate circumstances for a temporal injunction against the Guarantors and their
   assets, so long as the Debtor complied with the Plan.
28

BK 4:10-14551-JMM, Doc. 95, p. 32, 43.  The bankruptcy court also stated, in a footnote, that "FED. R. BANKR. P. 8001 allows for direct appeal to the Circuit in certain circumstances.  Due to the evolving state of the law concerning § 524(e), perhaps it is timely for the Circuit to take a fresh look at this issue." *Id*., at p. 43 n. 15.

An appeal from the bankruptcy court was transmitted to this Court on December 23, 2010.

On January 18, 2011, the bankruptcy court, finding that it did not have jurisdiction because the matter was no longer pending in the bankruptcy court, denied Debtor's request for Certification of Direct Appeal.

On January 21, 2011, Debtor filed a Request for Certification of Direct Appeal in this case.  The Bank has filed a response.

*Jurisdiction – Leave to Appeal*

This Court obtains jurisdiction to consider whether certification to the Ninth Circuit is proper if leave to appeal is granted.  *See*, Fed.R.Bankr.P. 8001(f); *Simon & Schuster, Inc. v. Advanced Marketing Services Inc.*, 360 B.R. 429, 432 (Bankr. D. Del. 2007).  Moreover, the Ninth Circuit has determined that "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered by a bankruptcy court.  28 U.S.C. § 158(a)(1).  If an appellant is appealing an

interlocutory order of the bankruptcy court, the appellant must seek leave from the district court prior to filing a motion to appeal an interlocutory order. 28 U.S.C. § 158(a)(3); Fed. R. Bankr.P. 8001(b). However, while district courts must hear appeals from final decisions, they have discretionary authority to hear interlocutory appeals. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir.2003). The applicable rules do not provide any particular standard for evaluating a motion for leave to appeal an interlocutory appeal. Fed.R.Bankr.P. 8003.

Generally, courts disfavor interlocutory appeals and only grant leave to appeal where three extraordinary factors are met: "[1] refusal would result in wasted litigation and expense, [2] the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and [3] an immediate appeal would materially advance the ultimate termination of the litigation." *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir.1994); *In re Burke*, 95 B.R. 916, 917 (9th Cir. BAP 1989); *In re 450 S. Burlington Partners LLC*, No. CV 09-4097 PSG, 2009 WL 2460880, *5 (C.D.Cal. 2009); *Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (W.D. La. 2010), *citation omitted* ("[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored.").

As discussed *infra*, there is no controlling Ninth Circuit or Supreme Court authority addressing the issue presented in this case. Moreover, the issue is dispositive as to whether adoption of the Plan proposed by Debtors is appropriate. As thoroughly summarized by Chief Bankruptcy Judge Marlar in his memorandum decision, there is a substantial ground for difference of opinion as to whether a non-permanent injunction can be issue post-confirmation.

Furthermore, as pointed out by Debtors, an appeal decision (issued either by this Court or the Ninth Circuit) that is in favor of Debtors would materially advance the resolution of the case. Indeed, as pointed out by the Bankruptcy Court, it is a court of equity, as well as

1   a court of law.[1]  Unlike in *Seaport Automotive Warehouse, Inc. v. Rohnert Park Auto Parts,*

2   *Inc. (In re Rohnert Park Auto Parts, Inc.)*, 113 B.R. 610 (9th Cir. 1990), where the injunction

3   would have had inequitable consequences, it does not appear the proposed Plan in this case

4   would be inequitable – it does not involve a permanent injunction and does not affect the

5   ultimate liability of the Guarantors.  An appeal would potentially permit the equitable

6   resolution of the case to be materially advanced.  However, a decision in favor of the Bank

7   would simply delay the resolution of the case.

8          The Court also considers that, depending upon the ultimate resolution, this issue may

9   be appealed at the conclusion of the case, which would then result in wasted litigation and

10  expense.  Even if not ultimately appealed, denial of leave to appeal at this time would require

11  the formulation of a new plan – this could delay the resolution of the case.  The Court finds

12  leave to appeal should be granted.

13

14  *28 U.S.C. §158(d)(2)(A) and Fed.R.Bankr.P. 8001(f)*

15         The Ninth Circuit Court of Appeals may exercise jurisdiction over any appeal the

16  district court may have jurisdiction to hear (as defined by 28 U.S.C. §158(a)), including

17  interlocutory appeals, if the bankruptcy court, district court, or court of appeals certifies that:

18         (i) the judgment, order, or decree involves a question of law as to which there is no
19         controlling decision of the court of appeals for the circuit or of the Supreme Court of
           the United States, or involves a matter of public importance;

20         (ii) the judgment, order, or decree involves a question of law requiring resolution of
           conflicting decisions; or
21
22         (iii) an immediate appeal from the judgment, order, or decree may materially advance
           the progress of the case or proceedings in which the appeal is taken; and if the court
           of appeals authorizes the direct appeal of the judgment, order, or decree.
23
24  28 U.S.C. §158(d)(2)(A).  To implement this provision, the Bankruptcy Rules provide for

25

26         [1]"[A] bankruptcy court is a court of equity and should invoke equitable principles and
27  doctrines, refusing to do so only where their application would be 'inconsistent' with the
    Bankruptcy Code." *Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 922 (9th Cir.2002), *citing*
28  *Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1124 (9th Cir. 2000).

1    "Certification for Direct Appeal to Court of Appeals if:

2        (1) Timely appeal required.

3        A certification of a judgment, order, or decree of a bankruptcy court to a court of appeals under 28 U.S.C. § 158(d)(2) shall not be effective until a timely appeal has

4        been taken in the manner required by subdivisions (a) or (b) of this rule and the notice of appeal has become effective under Rule 8002.

5        (2) Court where certification made and filed.

6

7        A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing,

8        in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending

9        in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant

10       of leave to appeal under 28 U.S.C. § 158(a)(3).

11           (A) Certification by court on request or court's own initiative.

12               (i) Before docketing or grant of leave to appeal. Only a bankruptcy court may make a certification on request or on its own initiative while

13               the matter is pending in the bankruptcy court.

14               (ii) After docketing or grant of leave to appeal. Only the district court or bankruptcy appellate panel involved may make a certification on

15               request of the parties or on its own initiative while the matter is pending in the district court or bankruptcy appellate panel.

16

17           (B) Certification by All Appellants and Appellees Acting Jointly. A certification by all the appellants and appellees, if any, acting jointly may be

18           made by filing the appropriate Official Form with the clerk of the court in which the matter is pending. The certification may be accompanied by a short

19           statement of the basis for the certification, which may include the information listed in subdivision (f)(3)(C) of this rule.

20       (3) Request for certification; filing; service; contents.

21           (A) A request for certification shall be filed, within the time specified by 28 U.S.C. § 158(d)(2), with the clerk of the court in which the matter is pending.

22

23           (B) Notice of the filing of a request for certification shall be served in the manner required for service of a notice of appeal under Rule 8004.

24           (C) A request for certification shall include the following:

25               (i) the facts necessary to understand the question presented;

26               (ii) the question itself;

27               (iii) the relief sought;

28               (iv) the reasons why the appeal should be allowed and is authorized by

statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and

(v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

(D) A party may file a response to a request for certification or a cross request within 14 days after the notice of the request is served, or another time fixed by the court.

(E) Rule 9014 does not govern a request, cross request, or any response. The matter shall be submitted without oral argument unless the court otherwise directs.

(F) A certification of an appeal under 28 U.S.C. § 158(d)(2) shall be made in a separate document served on the parties.

* * * * *

* * * * *

Fed.R.Bankr.P. 8001(f).


*Certification of Interlocutory Appeal*

Debtor asserts that the question it seeks to present on direct appeal is whether the Bankruptcy Code permits "confirmation of a Plan that conditionally delays a creditor from pursuing enforcement actions against contributing non-debtor guarantors so long as the debtor does not default under the terms of the confirmed Plan[.]" Request, p. 7. Further, Debtor asserts this is a question for which there is no controlling law from either the Ninth Circuit Court of Appeal or the Supreme Court and is a question that requires resolution of conflicting decisions.


*Controlling Decision*

The Bank asserts that the Ninth Circuit has spoken to this issue on several occasions. Indeed, the Ninth Circuit has stated that section 105(a) of the Bankruptcy Code "does not authorize relief inconsistent with more specific law[,]" including section 524(e). *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995), *quoting American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885

1   F.2d 621, 625-26 (9th Cir. 1989)); *Rhonert Park*, 113 B.R. at 617.  Specifically, section

2   524(e) of the Bankruptcy Code provides, in relevant part, that "discharge of a debt of the

3   debtor does not affect the liability of any other entity on, or the property of any other entity

4   for, such debt."  11 U.S.C. § 524(e).

5          The Bank argues that cases involving a bankruptcy court's authority to issue a

6   permanent post-confirmation injunction equally apply to a debtor's request for a conditional

7   post-confirmation injunction.  For example, in *Rohnert Park*, the BAP held that a plan

8   provision which provided for a temporary five-year delay for a creditor to enforce its state

9   law rights against non-debtors violated section 524(e) "as it affects the liability of entities

10  other than the debtor." 113 B.R. at 616-17.  The court stated that the proposed plan provision

11  "challenges a basic tenet of the Code that Chapter 11 cases generally are for the protection

12  of the debtor only and not to protect the debtor's principals or co-debtors."  *Id*. at 614; *see*

13  *also Lowenschuss*, 67 F.3d at 1402 (holding that a global release provision as to non-debtors

14  in a reorganization plan violated section 524(e)); *American Hardwoods*, 885 F.2d at 626

15  ("Section 524(e), therefore, limits the court's equitable power under section 105 to order the

16  discharge of the liabilities of nondebtors…."); *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th

17  Cir. 1985) ("Similarly, the bankruptcy court has no power to discharge the liabilities of a

18  nondebtor pursuant to the consent of creditors as part of a reorganization plan. The broad

19  language of § 524(e), limiting the scope of a discharge so that it 'does not affect the liability

20  of any other entity,' encompasses this result.").

21          Moreover, the Ninth Circuit has stated that the maximum injunctive relief available

22  to non-debtors is "until confirmation of a reorganization plan."  *Solidus Networks, Inc. v.*

23  *Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1095 (9th Cir. 2007).

24  However, another district court determined that the *In re Excel Innovations, Inc.*, statement

25  was dicta and determined that there was no Ninth Circuit authority that bars plan terms that

26  delay enforcement of judgments.  *In re Regatta Bay*, 406 B.R. 875, 877 (Bankr. D. Ariz.

27  2009), *rev'd* 2009 WL 5730501 *3, n. 3 (D. Ariz. 2009).  Indeed, Debtor points out that the

28  Bankruptcy Court's decision in this case recognizes that both *American Hardwoods* and

1    *Lowenschuss* did not address the question presented.

2         Although the cases discussed by the Bank resolved issues similar to the one presented

3    in this case, this Court agrees with the conclusion of the Bankruptcy Court that the

4    Bankruptcy Appellate Panel in *Rhonert Park* extrapolated from *American Hardwoods*'

5    conclusion regarding permanent injunctions to any injunction "past confirmation."  This is

6    confirmed by the conclusion in  *Regatta Bay* that there is no Ninth Circuit authority that

7    specifically bars plan terms that will delay enforcement of judgments.  Although the court

8    in *Regatta Bay* ultimately determined that the injunction was not appropriate, this case is

9    factually distinguishable – the guarantors have already substantially paid down the Bank's

10   debt and will continue to make substantial contributions under the Debtor's Plan, there is no

11   evidence that other creditors are currently pursuing the Guarantors, and the Plan requires

12   monthly payments.  Moreover, the injunction would last only until the earlier of completion

13   of payments or any default under the Plan – the Plan proposes an injunction that is not

14   permanent and does not release the liability of the Guarantors.  In other words, while the

15   proposed Plan affects the Guarantors, it does not affect their liability.  *See* 11 U.S.C. §

16   524(e).  The Court finds that, under the facts of this case and the terms of the proposed Plan,

17   this is no controlling Ninth Circuit or Supreme Court authority addressing this issue.

18

19   *Conflicting Decisions*

20        The Court having determined that there is no controlling Ninth Circuit or Supreme

21   Court authority addressing this issue, the Court declines to address whether the issue involves

22   a question of law requiring resolution of conflicting decisions.

23

24        Accordingly, IT IS ORDERED:

25        1.    Linda Vista's Request for Leave to Amend (Doc. 9) is GRANTED.

26        2.    Linda Vista's Request for Certification of Direct Appeal (Doc. 9) is

27   GRANTED.

28        3.    This matter is CERTIFIED for direct appeal to the United States Court of

1    Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

2          4.      The Clerk of the Court shall close its file in this matter.

3          DATED this 5th day of May, 2011.

4

5

6    _____
                    Cindy K. Jorgenson
7                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28